IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

Robert Smith
  Plaintiff, K54234

      vs.

Cherryle R. Hinthorne,
Shawn M. Thrush, Ryan J. Rivera,
Sterling D. Adams
  Defendants

Jury Trial Demanded

## COMPLAINT

### I
### INTRODUCTION

1.) This is a 42 U.S.C. §1983 and Racial Discrimination/Retaliation
Claim action filed by Robert Smith, a State prisoner at Illinois
River C.C(IRCC). P.O. Box 999, Canton IL 61520; making the following
claims and violation against defendants Cherryle Hinthorne, Shawn
Thrush, Ryan Rivera and Sterling Adams:

  A) Racial Discrimination B) Retaliation
  C) Intentional Infliction of Emotional Distress and seeks
money damages, Injunctive relief and declaratory judgment.

### II
### JURISDICTION

2.) A Racial Discrimination claim may be cognizable under
§1983. The Supreme Court held that damages claims for violations
of §1981(Racial Discrimination) against persons acting under color
of State law must be pursued under §1983. Jett v. Dallas Independent
School District, 491 U.S. 701, 731-33, 109 S.Ct. 2702(1989).

3.) Jurisdiction of this Court is invoked pursuant to 28
U.S.C §1331 in that this is a civil action arising under the Constitution
of the United States. This Court also has authority to excercise
jurisdiction over all relevant state-law claims pursuant to 28 U..S.C.
(§1367(a).

4.) Jurisdiction of the Court is invoked pursuant to 28
U.S.C. §1343(a)(3) in that this action seek to redress the deprivation,
under color of State law, of rights secured by Acts of Congress
providing for Equal Rights of person within the jurisdiction of the
U.S.

### III
### PARTIES

5.) Plaintiff Robert Smith at all times relevant was
confined by the Illinois Department Of Correction(IDOC) at Illinois
River Correctional Center

6.) Sterling D. Adams is, and on information and belief at all relevant times herein mentioned was Intel/Incident officer at IRCC. As to all claims presented herein against him, defendant Adams is being sued in his individual capacity for damages. At all relevant times defendant Adams has acted under color of state law.

7.) Shawn M. Thrush is and on information and belief at all relevant times herein mentioned was Chair person/Hearing Committee at IRCC. As to all claims prsented herein against him, defendant Thrush is being sued in his individual capacity for damages. At all relevant times defendant Thrush has acted under color of State law.

8.) Ryan J. Rivera is and on information and belief at all relevant times herein mentioned was on the Hearing Committee at IRCC. As to all claims presented herein against him, defendant Rivera is being sued in his individual capacity for damages. At all relevant times defendant Rivera has acted under color of State law.

9.) Cherryle R. Hinthorne is and on information and belief at all relevant times herein mentioned was Warden at IRCC. As to all claims presented herein against her, defendant Hinthorne is being sued in her individual capacity for damages. At all relevant times defendant Hinthorne has acted under color of State law.

IV
## EXHAUSTION OF AVAILABLE REMEDIES

10.) Plaintiff Exhausted his Administrative Remedies before filing this Complaint(See Exhs "D", "E" and " ").

V
## FACTUAL STATEMENT

11.) On 1/27/23 Plaintiff(Smith) was placed on investigative status and sent to segregation for possible involvement in a situation that may effect the safety and security of the institution.

12.) On 2/4/23 Plaintiff was given a disciplinary ticket which charged him with a 214-fighting and marked a major infraction(See Exh "A").

13.) In the  disciplinary report Intel defendant Adams stated; or made the following points:

"1) Intel received information from a confidential source who informed the Intel office of a fight which had taken place on 1/25/23 on the upper gallery between Smith and Individual in custody Brinkman, Donald Y43425(3C-68)(See Exh "A")."

"2) CS1 stated that Brinkman and Smith had gotten into the altercation over a disagreement due to laundry room issues. CS1 stated the fight took place near Smith's assigned cell of 3C-72(See Exh "A")."

"3) Intel reviewed recorded video footage from the R3-Cwing cameras on 1/25/23, beginning at 8:00a.m. at PP 8:50:55 the upper deck day room doors are seen opening, as Brinkman exists his cell and proceeds to walk towards Smith's assigned cell(72), as Brinkman approaches, Smith steps out of his cell, and confronts him. At PP 8:51:07 Smith and Brinkman are seen bumping chest with each other, before placing each others arms on the opposite person(in a locking manner). Moments later Smith and Brinkman can be seen extending each

"others arms causing both individuals to slightly stumble back-
wards. After they are able to regain their balance, they again
bump chests with each other(See Exh "A")."

14.) Plaintiff went in front of the Adjustment Committee,
which consisted of Defendants Thrush and Rivera. Plaintiff informed
Defendant Thrush there was no fight and pled not guilty(See Exh "B").

15.) Plaintiff(a blackman) was still found guilty of the
charge and was given one month C-grade and 7 days in segregation
and placed on the C-grade wing on 2/16/23, even though he did
19 days in segregation.

## PLAINTIFF'S FIRST, SECOND AND THIRD CAUSE OF ACTION
## RACIAL DISCRIMINATION, RETALIATION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16.) Individual in custody Donald Brinkman(a whiteman) was
never charged with 214-fighting charge and was let go and sent to
the same wing(3-C) where him and Plaintiff left from.

17.) After Plaintiff was let out of segregation, he was sent
to another Restrictive Housing unit wing where his TV and Tablet was
taken again and he was only given one day room. On this C-grade
wing, he was only given two yards a week and could only get on the
phone twice a week. Everyday Plaintiff watched people incarcerated
be dehumanized on this restrictive housing unit as he found him-
self also dehumanized by not only being placed under those conditions
but by the fact that Brinkman(a white man) was never punished for
anything.

18.) It is a well known practice or culture of racial
discrimination at IRCC when it comes to black and white people
in custody, where Blacks are treated more unfairly and punished
more harshly than white individuals in custody, such is the case
with this complaint which happens all the time at IRCC(where 98%
of the staff are white) on different levels(punishment, job
positions, opportunties, etc.)

19.) If the alleged "video footage" and the CS1 showed and
stated Brinkman(a white man) and Smith(a blackman) were both fighting,
why was Smith(a blackman) found guilty and given excessive punish-
ment and Brinkman(a whiteman) was not, when the Reporting officer
(Defendant Adams) emphically makes it clear that Brinkman came to
Smith's cell to confront him and they both allegedly both participated
in a fight according to the allege "video footage", CS1 and
Incident officer.

20.) Because this is a well known practice here at IRCC when
it comes to a black person fighting a white person, they usually state
that the white individual was not the aggressor. They take the
white individuals word that he was not guilty, while showing willful
ignorance to everything else.

21.) When it comes to Black individuals, such as Smith- his
"not guilty" plea is ignored and they are found guilty based on such
"alleged video footage". The same alleged "video footage" that
defendant Adams stated he seen both men exchanging blows and bumping
their chest together(See Exh "A").

22.) To be more sadistic in their racial discrimination and to teach Plaintiff a lesson, defendants retaliated against Plaintiff for filing a grievance on 2/2023 on racial discrimination by sending him right back to the same wing(3-C) after he was moved off the C-grade with Donald Brinkman so Plaintiff can see that Brinkman was not charged or punished for anything and to also see that Brinkman was given his job back(See Exh "D" and "C")

23.) If Plaintiff was found guilty of fighting Donald Brinkman, why was he placed right back on the wing with him after filing a grievance?

24.) Defendants Thrush, Rivera and Hinthorne violated Plaintiff's clear Constitutional Rights and laws; whether under the Equal Protection Clause of the Fourteenth Amendment or Title VII of the Civil Rights Act of 1964 or any other antidiscrimination principle, when they found Plaintiff(a blackman) guilty for something that Brinkman(a white man), who was stated did the same thing by the reporting officer- not guilty.

And for Retaliating against Plaintiff by placing Plaintiff (Smith) right back on the same wing with Brinkman to cause Intentional Infliction of Emotional Distress so the sting of discrimination can have a heavier impact on his mental health, after he wrote a grievance on this well known practice at IRCC.

## RELIEF REQUESTED

A) Declare that defendants violated Plaintiff's Civil Rights when they found him guilty of 214-fighting and didn't give the same punishment to a white individual in custody for the same incident.

B) Declare that defendants violated Plaintiff's Constitutional Rights when they moved him right back on the same wing(3-C) with Brinkman out of retaliation for Plaintiff writing a grievance on racial discrimination, so Plaintiff could see that Brinkman was not punished and that he received his job back on the wing.

C) Declare that defendant Hinthorne failed in her individual and official capacity once she was made aware of this well known practice amongst African Americans at IRCC and did nothing.

D) Award compensatory damages in the following amounts: 100,000 jointly and severally against defendants Thrush, Rivera, Adams and Hinthorne

E) Award punitive damages in the following amounts: 10,000 each against all defendants.

F) Issue an Injunction ordering defendants or any other IRCC officer to stop this well known historical practice against African Americans.

/s/ Robert Smith
#K54234
Illinois River C.C.
P.O. Box 999
Canton IL, 61520

Date